UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION


FILED
MAY 1 2 2005
CLERK

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. 05-40012 |
| Plaintiff, | |
| vs. | REPORT and RECOMMENDATION (Motion to Suppress) |
| WADE BAMBERG, | |
| Defendant. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending is Defendant's Motion to Suppress Evidence (Doc. 19). A hearing was held on Wednesday, May 4, 2005. Defendant was personally present and represented by his counsel of record, Assistant Federal Public Defender Timothy Langley. The Government was represented by Assistant United States Attorney Kathryn Ford. Mitchell Police Department Detective Toby Russell testified at the hearing. Six exhibits were received into evidence, and ruling was reserved on one exhibit. Additionally, both parties have submitted briefs and oral argument was heard at the conclusion of the hearing. Based on a careful consideration of all of the evidence, and counsel's written and oral arguments, the Court respectfully makes the following:

## RECOMMENDATION

It is respectfully recommended that Defendant's Motion to Suppress be **DENIED**.

## JURISDICTION

Defendant is charged in an Indictment with distribution of a controlled substance analogue to a person under 21 in violation of 21 U.S.C. §§ 841(a)(1), 859, 813 and 802(32), possession with the intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 813, and 802(32), identity theft in violation of 18 U.S.C. §§ 1028(a)(7) and 1028 (b)(3), access device fraud in violation of 18 U.S.C. § 1029(a)(2) and aggravated identity theft in violation of 18 U.S.C. §§ 1028A(a)(1). The pending Motion to Suppress was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Piersol's Standing Order dated February 1, 2002.

## FACTUAL BACKGROUND

Detective Toby Russell of the Mitchell Police Department was involved in the investigation

of the Defendant. He obtained a search warrant, and seized a Dell laptop computer, along with other electronic items in Mr. Bamberg's possession from the CADC in Mitchell, South Dakota. Detective Russell then obtained another search warrant for the purpose of having the laptop forensically examined. (EXS 1,2) (Affidavit in Support of Search Warrant, Warrant). The affidavit in support of the warrant was prepared on January 13, 2005 and the warrant was issued that same day. Id. The warrant ordered that it should be executed within ten days after signature, pursuant to South Dakota law (SDCL 23A-35-4). EX 2.

The day after the warrant was signed, the computer was transported to the forensic lab in Pierre, South Dakota. On January 20, Kendall Light from the forensic lab contacted Detective Russell and notified him that he could not access the information on the hard drive because it was encrypted, and that he would need a BIOS password to retrieve the information from the hard drive. Detective Russell contacted Steven Holloway at Dell Computers to attempt to obtain the BIOS password, but Mr. Holloway informed Detective Russell the information would not be released without a subpoena. Detective Russell prepared a subpoena that same day (EX 3) and submitted it to the Davison County States Attorney for his signature. Detective Russell received the subpoena from the State's attorney the next day (January 21st--a Friday) and faxed it to Mr. Holloway at Dell Computer on the following Monday (January 24th). Detective Russell called Mr. Holloway on January 26th, but Mr. Holloway had not yet retrieved the BIOS password.

Detective Russell instructed that the BIOS password be provided directly to Kendall Light at the forensic lab. Detective Russell was in periodic contact with Mr. Light at the forensic lab and had left many voice mail messages for Mr. Holloway, but the BIOS password was not forthcoming. On February 11, 2005, Detective Russell faxed a letter to Mr. Holloway at Dell Computer again requesting the BIOS password and stressing the urgency of the matter. EX 4. Finally, on March 1, 2005, Detective Russell received a faxed letter from Dell Computer containing the BIOS password. EX 5. Detective Russell immediately faxed the information to Kendall Light at the forensic lab.

Mr. Light mailed the external hard drive to Detective Russell on April 1. He was unable to recover any information from it despite having the BIOS password. On April 5, Mr. Light informed

2

Detective Russell he was able to recover from the laptop a series of e mail communications,[1] and he would try to complete his examination of the laptop by April 8, but if it was not complete by then, the examination would not be completed until late April because of his caseload. Detective Russell received copies of the recovered e mails on April 12. On April 8, Mr. Light contacted Detective Russell and indicated he was unable to complete his forensic examination of the laptop, and would not be able to complete it until later in the month. On April 26, Detective Russell received a report from Mr. Light, along with a compact disc, detailing Mr. Light's complete findings. (EX 7). Detective Russell filed the search warrant return on April 26th, after he received Mr. Light's findings. The examination of the other devices listed on the warrant was completed by January 28, but the forensic examiner found no useful information on any of the other devices.

Detective Russell explained the first attempts to forensically examine the laptop were made on January 14th, but were unsuccessful because the information was encrypted. The forensic exam was completed in April. The laptop remained in state custody during that time, and Detective Russell explained steps were taken to ensure the information on the computer was not altered between January 13th through April 26th. Specifically, Detective Russell stated the forensic lab uses a process called "fast block" which prevents the information on a computer from being altered.

## DISCUSSION

As a general rule, the burden of proof is on the defendant who seeks to suppress evidence, United States v. Phillips, 540 F.2d 319 (8th Cir.1976) cert. denied, 429 U.S. 1000, 97 S.Ct. 530, 50 L.Ed.2d 611 (1976), but on the government to justify a warrantless search or seizure. United States v. Bruton, 647 F.2d 818 (8th Cir.1981) cert. denied, 454 U.S. 868, 102 S.Ct. 333, 70 L.Ed.2d 170 (1981). The standard of proof is a preponderance of the evidence. Lego v. Twomey, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972).

The ten day requirement contained in the warrant executed by the state court Magistrate

---

[1] The Government moved for the admission of EX 6, which consists of a printout of the e mail communications recovered by Mr. Light. The Defendant objected on the grounds that the substance of the e mails was not relevant to the issue at hand in the suppression motion. Ruling was reserved at the time of the hearing. The Court takes notice that Detective Russell verbally received the e mail information on April 5, 2005 and received a hard copy on April 12. Otherwise, Defendant's objection is, for purposes of the suppression hearing only, SUSTAINED.

3

Judge was a South Dakota statutory requirement. See SDCL 23A-35-4. In a federal prosecution, however, "we evaluate a challenge to a search conducted by state authorities under federal Fourth Amendment standards." United States v. Bieri, 21 F.3d 811, 816 (8th Cir. 1994) cert. den. 513 U.S. 878, 115 S.Ct. 208, 130 L.Ed.2d 138 (1994). Further, "a court must examine the legality of a search by state officers as if made by federal officers . . . evidence seized by state officers in conformity with the Fourth Amendment will not be suppressed in a federal prosecution because *state* law was violated." Id. (emphasis in original). The ultimate question, therefore, is whether the search was reasonable, measured by Fourth Amendment standards.

> The Eighth Circuit has explained that
>
> Generally, search warrants must be executed within ten days of being issued. This Court has stated that search warrants are to be executed promptly. Timeliness of execution should not be determined by means of a mechanical test with regard to the number of days from issuance, nor whether any cause for the delay was per se reasonable or unreasonable. Rather it should be functionally measured in terms of *whether probable cause still existed at the time the warrant was executed.* . . . [O]ur review is limited to determining whether the officers were reasonable in their belief that probable cause still existed at the time the warrant was executed.
>
> In determining whether probable cause dissipated over time, a court must evaluate the nature of the criminal activity and the kind of property for which authorization to search is sought. . . .

United States v. Simkins, 914 F.2d 1054, 1058 (8th Cir. 1990) cert. den. 498 U.S. 1101, 111 S.Ct. 997, 112 L.Ed.2d 1081 (1991).

The federal equivalent of SDCL 23A-35-4 is found in Fed. R. Crim. P. 41(e)(2)(A) (formerly Rule 41(c)). In the context of a nighttime search which violated the provisions of Rule 41 (c), the Eighth Circuit has noted "suppression is not automatic if Rule 41(c)(1) is violated. Instead, we consider whether the defendant is prejudiced or reckless disregard of proper procedure is evident." United States v. Berry, 113 F.3d 121, 123 (8th Cir. 1997). In this case, the evaluation of the laptop was promptly begun within the ten days specified in the warrant, and there has been no showing that the probable cause which existed when the warrant was issued dissipated before the forensic exam was completed. Likewise, there has been no showing the Defendant was prejudiced by the delay, or that Detective Russell recklessly disregarded proper procedure.

The case law on the subject is sparse, because it is a relatively new area of the law. Some guidance is offered, however, by other District Court decisions. See e.g. United States v. Grimmet,

4

2004 WL 3171788 (D. Kan). In Grimmet, the Court rejected the defendant's suppression motion, noting:

> The court, however, does not find the failure to search the computer's hard drive and computer disks within the 96-hour period violative of the Fourth Amendment. . . . [T]he Court need only consider if the defendant's Fourth Amendment rights were violated, not whether state law was violated. . . . This is because the exclusionary rule is only concerned with deterring federal Constitutional violations. . . . The conduct of law enforcement officers in executing a search warrant is governed by the Fourth Amendment's mandate of reasonableness. The Fourth Amendment does not provide a specific time in which a computer may be subjected to a government forensic examination after it has been seized pursuant to a search warrant. The court finds that the Fourth Amendment requires only that the subsequent search of the computer be made within a reasonable time. The court believes that it is reasonable to conduct a search of a computer off-site, after the return of the warrant.

See also United States v. Syphers, 296 F.Supp.2d 50, 58 (D. New Hampshire 2003) (defendant's motion to suppress search of computer contents denied when search was completed seven months after seizure because time frame was not unreasonable and state did not "overstep any constitutional boundaries."); United States v. Hernandez, 183 F.Supp.2d 468, 480 (D. Puerto Rico 2002) (one and one half month delay in examination of computer and disks did not mandate suppression of evidence because delay was "reasonable" under the circumstances).

The cases cited by the Defendant are inapposite. For example, in Horton v. California, 496 U.S. 128, 139, 110 S.Ct. 2301, 2310, 110 L.Ed.2d 112 (1990), the Supreme Court admonished that "if the scope of the search exceeds that permitted by the terms of a validly issued warrant . . .the subsequent seizure is unconstitutional without more." A reading of that case makes clear the subject was the appropriate *physical scope* of the search, not a mechanical application of the ten day rule. Walter v. United States 447 U.S. 649, 656-57, 100 S.Ct. 2395, 2401, 65 L.Ed.2d 410 (1980) is similarly unavailing. In that case, the government had no permission to view the contents of films which were lawfully in its possession, and the Court noted "when an official search is properly authorized . . by issuance of a valid warrant, the scope of the search is limited by the terms of its authorization. Consent to search a garage would not implicitly authorize a search of an adjoining house; a warrant to search for a stolen refrigerator would not authorize the opening of desk drawers . . ." Thus, the issue was again the appropriate *physical scope* of the search, not the mechanical application of the ten day rule.

5

## CONCLUSION

The forensic exam of the laptop had begun within the ten day time frame designated in the warrant which was issued in January, and there has been no showing probable cause dissipated before the exam was completed in April. The search was reasonable under Fourth Amendment standards, and no prejudice to the Defendant nor reckless disregard by the Government has been shown. It is respectfully recommended to the District Court, therefore, that the Defendant's Motion to Suppress (Doc. 19) be **DENIED**.

## NOTICE TO PARTIES

The parties have ten (10) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990)

Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated this 12th day of May, 2005.

BY THE COURT:

John Simko
John E. Simko, United States Magistrate Judge

ATTEST:
JOSEPH HAAS, Clerk

by Shelly Margulies, Deputy
(SEAL)